The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following question:
 Can a political party and/or a county election commission in a county that began the use of voting machines after 1984, without a vote of the people, use paper ballots in a special election for lieutenant governor rather than the voting machines?
It is my opinion that the answer to your question is "no."
Subsection 7-5-508(a)(1987) of the Arkansas Code governs the custody and use of "voting machines." It contains a sentence stating that: "[v]oting machines, when provided to any county or city, shall be used at any and all elections and primary elections, municipal, county, district, or state, held in that county, or any part thereof, designated for voting, registering, and counting votes." In my opinion this language is broad enough to cover special elections and special primary elections. See
A.C.A. § 7-1-101(2) (Repl. 1991).
Thus, to the extent voting machines have been authorized and implemented by a county, neither the county election commission nor a political party can opt to use paper ballots instead of voting machines in a special election or special primary election.[1]
I assume, however, that your question involves independent action of the election commission or the political party and does not inquire as to whether the local quorum court, through legislative action, could repeal the ordinance authorizing voting machines, and return to the use of paper ballots for all elections. Seein this regard A.C.A. § 7-5-501(e) (Supp. 1991).[2]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] If it is impossible to supply every precinct with voting machines, the committee or election commissioners may supply as many as is possible to procure, and use paper ballots for the remaining precincts. A.C.A. § 7-5-501(a). And, of course, the county board of elections commissioners or county central committee in any township is required to be ready at any time on election day to deliver ballots, ballot boxes, replacement machines, or other equipment required by law for voting by paper ballot if any voting machine is out of order or fails to work. A.C.A. § 7-5-513. Additionally, if in the judgment of the commissioners or the committee, the number of voters is so large that the voting machines will not register the vote, the commissioners or the committee, as the case may be, may authorize the use of both voting machines and printed ballots. A.C.A. §7-5-514. Finally, with regard to primary elections in counties using voting machines, A.C.A. §§ 7-7-501—504 provide for the joint promulgation of rules and regulations by county committees, and authorizes either separate or common polling places. These rules, however, in my opinion, could not operate to nullify the requirement that voting machines be used. See again A.C.A. §7-5-508.
[2] Because your question indicates that the use of voting machines was authorized after 1984 without a vote of the people, I assume that their use was authorized by ordinance in accordance with A.C.A. § 7-5-501 (as amended by Act 783 of 1979). This statute would not appear to prohibit the repeal of such an ordinance by the legislative body, and a return to the use of paper ballots, assuming the ordinance was not referred and approved by a vote of the people. See Op. Att'y Gen. 91-250.